**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2015

(Argued: November 2, 2015          Decided: February 16, 2016)

Docket No. 15-869-cv

_____

FLIGHT ATTENDANTS IN REUNION, DIXIE DANIELS,
COLLEEN HAWK, MERRY LARSON, JAMES GORDON TULLER,

*Plaintiffs-Appellants*,

v.

AMERICAN AIRLINES, INC., ASSOCIATION
OF PROFESSIONAL FLIGHT ATTENDANTS,

*Defendants-Appellees*.

_____

Before:

HALL and LOHIER, *Circuit Judges*, and REISS, *District Judge*.[*]

After the 2013 merger between American Airlines, Inc. and U.S. Airways, the plaintiffs, who include former TWA flight attendants now working for American Airlines, claimed that American Airlines violated its obligation under the McCaskill-Bond amendment to the Federal Aviation Act, 49 U.S.C. § 42112 note, to provide for the integration of its and U.S.

---

[*] The Honorable Christina Reiss, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

Airways' seniority lists "in a fair and equitable manner." They also alleged principally that the Association of Professional Flight Attendants, the American Airlines labor union, violated its duty of fair representation under the Railway Labor Act, 45 U.S.C. §§ 151-165, in connection with the integrated seniority list that resulted from the merger. The District Court (Ross, *J.*) granted defendants' motions to dismiss, concluding that the plaintiffs failed to state a claim under McCaskill-Bond or under the Railway Labor Act. We affirm.

> Z. LANCE SAMAY, A Professional Corporation, Liberty Corner, NJ, *for Plaintiffs-Appellants.*
>
> ROBERT A. SIEGEL, O'Melveny & Myers LLP, Los Angeles, CA, *for Defendant-Appellee* American Airlines, Inc.
>
> JOHN M. WEST (Tanaz Moghadam, *on the brief*), Bredhoff & Kaiser, PLLC, Washington, DC, *for Defendant-Appellee* Association of Professional Flight Attendants.

LOHIER, *Circuit Judge*:

After the 2013 merger between American Airlines, Inc. and U.S.

Airways, four former Trans World Airlines ("TWA") flight attendants,

now working for American Airlines, and Flight Attendants in Reunion

("FAIR"), an unincorporated association formed to enforce the legal rights

of similarly situated flight attendants, filed this lawsuit. In their amended

complaint, they claimed that American Airlines violated its obligation

under the McCaskill-Bond amendment to the Federal Aviation Act, 49

U.S.C. § 42112 note, to provide for the integration of the American Airlines

2

and U.S. Airways seniority lists "in a fair and equitable manner." They also claimed principally that the Association of Professional Flight Attendants ("APFA"), the labor union representing American Airlines flight attendants, violated its duty of fair representation under the Railway Labor Act, 45 U.S.C. §§ 151-165, by failing to represent the former TWA flight attendants adequately during the creation of the integrated seniority list. The United States District Court for the Eastern District of New York (Ross, J.) granted the defendants' subsequent motions to dismiss the amended complaint, concluding that the plaintiffs had failed to state a plausible claim under either McCaskill-Bond or the Railway Labor Act. We agree and therefore affirm.

**BACKGROUND**

"The amended complaint alleges the following facts, which we assume to be true and construe in the light most favorable to the plaintiff[s]." Cruz v. FXDirectDealer, LLC, 720 F.3d 115, 118 (2d Cir. 2013).

1.   Facts

For flight attendants, occupational seniority determines the order of layoffs and recalls; sets bidding priorities for selecting monthly flying schedules; and enables more senior flight attendants to avoid reserve-

status assignments and transfers to other bases, retain employment during furloughs, and qualify for employment-related benefits. The individual plaintiffs' problems with occupational seniority first arose in 2001, when TWA, their former employer, merged with American Airlines. As a result of the merger, the TWA flight attendants were placed at the bottom of American Airlines' seniority list, or "endtailed." For some former TWA flight attendants, the endtailing erased nearly thirty years of seniority they had accrued with TWA.[1] The treatment of former TWA flight attendants in connection with the seniority list developed after the merger was viewed by some, perhaps many, as unfair; even the president of APFA publicly admitted that the union "really screwed up on that one big time." The plaintiffs concede, though, that the endtailing was not unlawful in 2001.

Six years later, in 2007, prompted in part by the plight of the flight attendants who were endtailed, Congress enacted McCaskill-Bond, 49 U.S.C. § 42112 note, which, as relevant here, requires airline carriers to

---

[1] For example, plaintiff Merry Larson had a TWA date of hire of July 14, 1971; plaintiff James Gordon Tuller had a TWA date of hire of June 28, 1972; and plaintiff Dixie Daniels had a TWA date of hire of February 21, 1973.

provide "for the integration of seniority lists in a fair and equitable manner," Allegheny-Mohawk Merger Case, 59 C.A.B. 19, 45 (1972). So in 2013, when American Airlines and U.S. Airways agreed to merge, American Airlines was required to comply with McCaskill-Bond.

APFA and the Association of Flight Attendants ("AFA"), the labor union representing U.S. Airways flight attendants, entered into negotiations about integrating their respective seniority lists. During the negotiations, AFA representatives advocated for the former TWA flight attendants to be given seniority based on their TWA dates of hire, just as those flight attendants had sought in connection with the earlier 2001 merger. In response, APFA's president threatened AFA that if its representatives continued to advocate on behalf of former TWA flight attendants, AFA members might not obtain seniority based on their own dates of hire. Thereafter, APFA and AFA agreed to a "Seniority Integration Protocol" wherein "[t]he position of a [f]light [a]ttendant relative to any other [f]light [a]ttendant on his/her seniority list (American [Airlines] or U.S. Airways) [would] not be altered by the seniority integration process." Rather, the unions agreed to "integrate seniority lists

based upon the length of service as [f]light [a]ttendants with their respective carrier." Under this "length of service" rule, former TWA flight attendants continued to be credited only with their service with American Airlines since the 2001 merger, even though these flight attendants had served in the airline industry prior to that merger.

In April 2014 American Airlines, U.S. Airways, and the unions entered into a "Merger Transition Agreement" in which American Airlines agreed to accept the integrated seniority list on the condition that no active flight attendant displace any other active flight attendant from the latter's position in the final integrated list—a condition that, like the agreement in the Seniority Integration Protocol, had the effect of barring the reordering of the unions' respective seniority lists prior to integrating the two lists. The imposition of this condition against displacement and the use of the "length of service" rule allegedly left the former TWA flight attendants close to the bottom of the new American Airlines seniority list—a list made longer by the integration of the U.S. Airways flight attendants.

2.    Procedural History

The plaintiffs sued, claiming that American Airlines violated its

obligation under McCaskill-Bond and that APFA, in collusion with

American Airlines, violated its duty of fair representation by allowing the

former TWA flight attendants to be effectively endtailed as a result of the

2013 merger.  American Airlines and APFA each moved to dismiss the

amended complaint for failure to state a claim under Federal Rule of Civil

Procedure 12(b)(6).  The District Court granted defendants' motions to

dismiss, concluding that plaintiffs failed to state a claim against American

Airlines under McCaskill-Bond or against APFA and American Airlines

under the Railway Labor Act.  This appeal followed.

**DISCUSSION**

The plaintiffs challenge the District Court's dismissal on two

principal grounds.  First, they argue that American Airlines' acceptance of

the integrated seniority list prepared by the unions in 2013 violated

McCaskill-Bond by failing to credit their seniority in a "fair and equitable

manner."  Second, they maintain that their amended complaint adequately

pleaded that APFA breached its duty of fair representation and that

7

American Airlines colluded in APFA's breach.[2]  We review de novo the grant of a motion to dismiss under Rule 12(b)(6).  See Cruz, 720 F.3d at 119.

1.      McCaskill-Bond

The McCaskill-Bond amendment requires carriers to observe sections 3 and 13 of the labor-protective provisions ("LPPs") imposed by the Civil Aeronautics Board in the Allegheny–Mohawk merger.  49 U.S.C. § 42112 note; see Allegheny-Mohawk Merger Case, 59 C.A.B. at 45, 49.  In particular, section 3 of the LPPs establishes the fair and equitable standard for seniority integration, as follows:

> Insofar as the merger affects the seniority rights of the carriers' employees, provisions shall be made for the integration of seniority lists in a fair and equitable manner, including, where applicable, agreement through collective bargaining between the carriers and the representatives of the employees affected.  In the event of failure to agree, the dispute may be submitted by either party for adjustment in accordance with section 13.

Allegheny-Mohawk Merger Case, 59 C.A.B. at 45.

---

[2] The plaintiffs also argue that the District Court exceeded its discretion when it dismissed their claims with prejudice after concluding that further amendment would be futile.  Because the plaintiffs present this argument in a footnote of their reply brief on appeal, however, we decline in our discretion to consider it.  See Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d 84, 107 (2d Cir. 2012).

The text of McCaskill-Bond makes clear, and the plaintiffs concede, that it does not apply retroactively. See 49 U.S.C. § 42112 note (stating that the provisions "shall not apply to any covered transaction involving a covered air carrier that took place before the date of enactment of this Act"). We agree with the plaintiffs' assessment that McCaskill-Bond therefore "did nothing to help the very group"—the former TWA flight attendants in connection with the 2001 merger—"whose misfortunes had given it life." Joint App'x 54.

The plaintiffs focus instead on the prospective application of the statute. They claim that American Airlines violated McCaskill-Bond in connection with the 2013 merger by accepting an integrated seniority list that failed to credit former TWA flight attendants for time accrued at TWA prior to the 2001 merger. In advancing the claim, however, the plaintiffs acknowledge that McCaskill-Bond "provides that employees involved in a merger of airlines will have their separate seniority lists combined into a single seniority list." Joint App'x 65-66 (emphasis added). In "merging the seniority lists, rather than putting employees of the acquired carrier [U.S. Airways] at the bottom of the acquiring carrier's [American Airlines']

list," American Airlines adhered to the "basic rule" of McCaskill-Bond.

Comm. of Concerned Midwest Flight Attendants for Fair & Equitable

Seniority Integration v. Int'l Bhd. of Teamsters Airline Div., 662 F.3d 954,

957 (7th Cir. 2011).  Although we recognize that the plaintiffs now feel

twice aggrieved, we agree with the District Court that the statute does not

impose a duty on airline carriers to "revisit seniority decisions that

preceded the statute's enactment."[3]  Joint App'x 108.

We therefore conclude that McCaskill-Bond did not require

American Airlines to reorder its own seniority list upon entering into a

new merger in order to redress the plaintiffs' endtailing in 2001.

Accordingly, we affirm the District Court's dismissal of the plaintiffs'

claim against American Airlines under McCaskill-Bond.

2.    Duty of Fair Representation

We turn next to the plaintiffs' claims that APFA violated its duty of

fair representation and that American Airlines colluded with APFA during

its breach of that duty.

---

[3] Because we conclude that the statute does not impose such a duty, we
need not separately decide whether McCaskill-Bond creates a private right
of action.

A labor union owes a duty of fair representation to employees it represents. "The objective of the duty of fair representation is to provide substantive and procedural safeguards for minority members of the collective bargaining unit." Jones v. Trans World Airlines, Inc., 495 F.2d 790, 798 (2d Cir. 1974). Although "a union may not, without a legitimate purpose, take action favoring some of its members at the expense of others," Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers, 378 F.3d 269, 277 (2d Cir. 2004) (quotation marks omitted), "a showing that union action has disadvantaged a group of members, without more, does not establish a breach of the duty of fair representation" because "a union by necessity must differentiate among its members in a variety of contexts," Haerum v. Air Line Pilots Ass'n, 892 F.2d 216, 221 (2d Cir. 1989) (quotation marks omitted). Accordingly, "[a] breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967); see also Spellacy v. Airline Pilots Ass'n-Int'l, 156 F.3d 120, 126 (2d Cir. 1998). "An employer is liable together with the union for the union's

breach of its [duty of fair representation] if it acts in collusion with the union." United Indep. Flight Officers, Inc. v. United Air Lines, Inc., 756 F.2d 1274, 1283 (7th Cir. 1985).

With these principles in mind, we agree with the District Court's conclusion that, as alleged in the amended complaint, the union's decision not to reorder the existing seniority list at American Airlines prior to the merger[4] and to agree to integrate the two separate seniority lists based on each flight attendant's "length of service" cannot fairly be described as either irrational or discriminatory, even though it ultimately, and unfortunately, disadvantaged the plaintiffs. See Haerum, 892 F.2d at 221.

The plaintiffs suggest that the union's policy against displacement was irrational because it failed to promote the aggregate welfare of all its members. Appellant's Reply Br. 18-19. We disagree for three reasons. First, catapulting the former TWA flight attendants up the American Airlines seniority list would have resulted in other American Airlines

---

[4] To the extent that the condition against displacement imposed by American Airlines may serve as some evidence of collusion between American Airlines and APFA, as our opinion sets out below, APFA's policy not to alter the relative positions of flight attendants was not arbitrary, and thus American Airlines' condition against displacement was not unlawful.

flight attendants losing their relative seniority, and such a "juggl[ing] [of] the existing seniority ladder . . . would have exposed [the union] to countervailing claims" from those flight attendants. Haerum, 892 F.2d at 221. Second, we rejected a somewhat similar suggestion in Haerum, holding that the union's unilateral decision to reject a proposal to reorder a seniority list prior to the integration of another seniority list in accordance with its policy against displacement did not, without more, violate the duty of fair representation. See id. at 221-22. Third, the plaintiffs do not allege that they proposed or demanded that the union reorder its existing list in the way that they now seek. For these reasons, we conclude, based on the allegations in the amended complaint, that the union's refusal to reorder the list, in accordance with its policy and the condition imposed by American Airlines, was not irrational or arbitrary.

Nor was the union's decision to use the "length of service" rule to integrate the seniority lists unlawfully discriminatory in violation of the Railway Labor Act. With the understanding that the unions were required to integrate the seniority lists, no one has identified for us an alternative method of doing so that would not "discriminate" among some group of

union members and comply with the "basic rule" of McCaskill-Bond, see Comm. of Concerned Midwest Flight Attendants, 662 F.3d at 957—in other words, that would simultaneously avoid the endtailing of U.S. Airways flight attendants, ensure no displacement of flight attendants on the preexisting seniority list at American Airlines, and credit former TWA flight attendants with their years with TWA.

Lastly, the amended complaint's allegations do not raise an inference of "bad faith" on the part of APFA. A union acts in bad faith when it "acts with an improper intent, purpose, or motive," which encompasses "fraud, dishonesty, and other intentionally misleading conduct." Spellacy, 156 F.3d at 126; see Ramey, 378 F.3d at 276-77. In claiming that APFA acted in bad faith, the plaintiffs point primarily to two events: first, the 2001 merger between TWA and American Airlines, apparently "to give context to and shed light upon the true character of [APFA's] actionable acts and omissions during the [c]urrent [m]erger"; and second, the threats made by APFA's president during the 2013 merger-related negotiations with AFA. Appellant's Br. 21-22. The plaintiffs' reliance on the first event overlooks the fact that APFA was not

then the plaintiffs' bargaining representative, but represented the former TWA flight attendants only after the 2001 merger. Nor are we persuaded that the president's alleged threat supports a finding of bad faith, as the threat more plausibly reflects the union's interest in preserving the preexisting relative seniority in accordance with both its policy against displacement and American Airlines' condition for acceptance of the integrated list. In short, viewing the allegations in the amended complaint in the light most favorable to the plaintiffs, we see no plausible claim of bad faith or animus on APFA's part in connection with its decision to retain an existing seniority list that plaintiffs do not challenge as being unlawful at the time it was devised. See McNamara-Blad v. Ass'n of Prof'l Flight Attendants, 275 F.3d 1165, 1170, 1172-73 (9th Cir. 2002). Because the plaintiffs fail to state a claim for a breach of the duty of fair representation by APFA, the plaintiffs also fail to state a claim that American Airlines colluded in APFA's breach. See United Indep. Flight Officers, Inc., 756 F.2d at 1283 ("If the [Railway Labor Act]-based [duty of fair representation] claim against the union is dismissed, the claim against the employer must also be dismissed.").

We therefore affirm the District Court's dismissal of the claims against APFA and American Airlines related to breach of the duty of fair representation.

## CONCLUSION

We have considered the plaintiffs' remaining arguments and conclude that they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the District Court.