15-3047-cv
*McAllister v. Teamsters Local 917*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand sixteen.

PRESENT:     RALPH K. WINTER,
             DENNY CHIN,
             CHRISTOPHER F. DRONEY,
                  *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MORRIS MCALLISTER,
                  *Plaintiff-Appellant,*

          v.                                              15-3047-cv

TEAMSTERS LOCAL 917,
                  *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:          MORRIS MCALLISTER, *pro se*, New York, New York.

FOR DEFENDANT-APPELLEE:        ROBERT T. MCGOVERN, Archer, Byington, Glennon & Levine LLP, Melville, New York.

Appeal from the United States District Court for the Southern District of New York (Ellis, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Morris McAllister, proceeding *pro se*, appeals from a judgment entered September 2, 2015, in favor of defendant-appellee International Brotherhood of Teamsters Local Union 917 ("Local 917"), in his discrimination suit under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

We review *de novo* a district court's grant of summary judgment. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam). Summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine dispute exists, we must "resolve all ambiguities and draw all inferences against the moving party." *Garcia*, 706 F.3d at 127. We have held that "[e]ven

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to jurisdiction over the case by Magistrate Judge Ronald L. Ellis.

when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law," *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004), and further stated that, "[i]f the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then 'summary judgment must be denied even if no opposing evidentiary matter is presented,'" *id.* at 244 (emphasis omitted) (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001)).

McAllister does not argue in his appellate brief that he was discriminated against on the basis of his age and race. In fact, he states, "I do not believe this was an issue of discrimination; it was an issue of losing my job." Appellant's Br. at 1. Accordingly, those claims are deemed abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (explaining that a *pro se* appellant abandons issues not raised in his appellate brief). Nonetheless, even if McAllister did not abandon his claims, and even if he had properly exhausted his administrative remedies, his claims fail on the merits.

Although McAllister did not oppose the summary judgment motion below, the district court conducted an independent analysis to ensure that the movant had met its burden. We conclude that the district court properly granted summary judgment to Local 917 and affirm for substantially the reasons stated by the district court in its September 2, 2015 decision. To the extent that McAllister attempts to raise a

3

non-discrimination-based claim for breach of duty of fair representation, assuming such claim was timely, *see Buttry v. Gen. Signal Corp.*, 68 F.3d 1488, 1492 (2d Cir. 1995) ("The six-month limitations period begins to run when a plaintiff knows or reasonably should know that the union has breached its duty of fair representation." (internal quotation marks omitted)), the claim fails.  McAllister has not presented sufficient evidence from which a jury could find that Local 917's conduct in failing to help him get rehired as a porter or a parking attendant was arbitrary or in bad faith.  *See Flight Attendants in Reunion v. Am. Airlines, Inc.*, 813 F.3d 468, 473 (2d Cir. 2016) ("[A] breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." (quoting *Vaca v. Sipes*, 386 U.S. 171, 190 (1967))).  The collective bargaining agreement permitted McAllister's employer to eliminate the porter position.  Moreover, Local 917 attempted to secure a parking attendant position for McAllister, but McAllister was not qualified as he did not have a driver's license.  There is no evidence that Local 917 acted arbitrarily or in bad faith.

Finally, McAllister attaches a letter submitted to the district court below, which asserts that Local 917 "failed to provide [him] with requested documents." Appellant's Br. at 3.  To the extent that this letter can be construed as a challenge to the district court's denial of his request for Federal Rule of Civil Procedure 56(d) discovery, this claim fails because McAllister has failed to show any abuse of discretion by the

4

district court.  *See Alphonse Hotel Corp. v. Tran*, --- F.3d ---, 2016 WL 3675321, at *3 (2d Cir. July 11, 2016) ("We review a district court's denial of [the nonmovant]'s Rule 56(d) motion for abuse of discretion.").

We have considered McAllister's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5